# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NEXTFOOD, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 09-2148-EFM** |
| ) | |
| **TOM STEWART,** ) | |
| ) | |
| **Defendant/** ) | |
| **Counter claimant,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **RESTAURANT PURCHASING** ) | |
| **SERVICES, INC. d/b/a** ) | |
| **RESTAURANTLINK,** ) | |
| ) | |
| ) | |
| **Counterclaim** ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on (1) defendant Tom Stewart's motion to amend to add Richard King as a third-party defendant (Doc. 48) and (2) Restaurant Purchasing Service's motion to strike Stewart's general assertion of affirmative defenses (Doc. 54). The court's rulings are set forth below.

**Motion to Amend to Add Party**

Discovery in this case closed on May 17, 2010 and the court conducted a final pretrial conference on June 18, 2010. The proposed pretrial order submitted by the parties was returned to counsel for revisions. A second conference was held on June 21, 2010 with additional directions for the submission of a revised final pretrial order. However, on July 2, 2010, Stewart moved to add Richard King as a party to this lawsuit. Plaintiff Nextfood opposes the motion to add a new party, arguing (1) the motion is untimely, (2) discovery is closed and adding a new party would necessitate additional discovery, (3) the claim is without merit, and (4) the belated addition of a new party adds unnecessary expense to this litigation.

The motion to add a new party is untimely and summarily denied. The scheduling order (Doc. 24, filed December 9, 2010) established a January 4, 2010 deadline to join additional parties. Stewart argues that the belated amendment is justified based on deposition testimony provided by Mr. King. However, this deposition took place on **February 24, 2010** and there is no justification or explanation for the **four-month delay** in moving to amend. As noted above, discovery closed on May 17, 2010 and the motion to add a new party was filed *after* the court had conducted two conferences in an effort to finalize the pretrial order.[1] The motion is simply untimely and good cause has not been shown for modifying the scheduling order. Absent extraordinary justifications, a motion to add a new party is

---

[1] The final pretrial order would have been finalized on June 18, 2010 and the case would have proceeded to trial if not for the poor draft submitted by the parties.

untimely when filed as an afterthought to the final pretrial conference.[2]

**IT IS THEREFORE ORDERED** that defendant Stewart's motion to amend to add a new party **(Doc. 48)** is **DENIED.**

### Motion to Strike Affirmative Defenses

Restaurant Purchasing Services moves to strike paragraph 5 of Tom Stewart's answer to Restaurant Purchasing's counterclaim (Doc. 51). Paragraph 5 states: "Defendant asserts and preserves all affirmative defenses available to him." Restaurant Purchasing argues that this vague allegation does not satisfy the pleading requirements of Fed. R. Civ. P. 8(c) and requests an order striking paragraph 5.

No response in opposition has been filed; therefore, the motion is uncontested and GRANTED pursuant to Dist. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that Restaurant Purchasing's motion **(Doc. 55)** to strike paragraph 5 of Doc. 51 is **GRANTED.**

---

[2] Because the motion is untimely, the court finds it unnecessary to address Nextfood's additional arguments in opposition to the motion.

Similarly, the court expresses no opinion concerning Stewart's statement in his reply brief that " Based upon Nextfood and Restaurant Services' counsel's statement that these two companies will be responsible for Richard King's actions of forming a corporation to compete with Defendant, there is no need to add him as a third party defendant." It is not at all clear that Stewart accurately paraphrases Nextfood's comments concerning "respondeat superior or agency" actions of Mr. King in its response brief. Nextfood was adamant that "the mere fact that Mr. King engaged in another business venture with a competitor of Stewart does not violate any part of the contract." (Doc. 58, p. 4).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of July 2010.

                                              S/ Karen M. Humphreys
                                              _____
                                              KAREN M. HUMPHREYS
                                              United States Magistrate Judge